******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JEFFREY FORD *v.* SAINT FRANCIS HOSPITAL AND
MEDICAL CENTER ET AL.
(AC 37866)

Alvord, Prescott and Mihalakos, Js.

*Argued October 18—officially released December 20, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Graham, J. [motion to intervene]; Elgo, J.
[motions to set aside judgment, for new trial;
judgment].)

*Juri E. Taalman*, with whom, on the brief, were
*Timothy Brignole* and *Joseph R. Serrantino*, for the
appellant (named plaintiff).

*Andrew S. Turret*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Jeffrey Ford,[1] appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Saint Francis Hospital and Medical Center (hospital), Turner Construction Company, RJB Contracting, Inc., and R.J.B. Concrete Pumping, LLC.[2] The plaintiff claims that the court improperly (1) denied his motion to set aside the jury verdict, (2) failed to give the jury an instruction on res ipsa loquitur, (3) failed to adequately instruct the jury regarding the nondelegable duty owed to business invitees, (4) allowed evidence of an event that occurred subsequent to the incident at issue, and (5) denied his motion for a new trial although he demonstrated that the jury applied the wrong burden of proof. We disagree and, accordingly, affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The plaintiff, employed by Terracon Consultants, Inc., was injured at a construction site located on Woodland Street in Hartford, which is the hospital's principal place of business. The plaintiff brought a negligence action against the defendants, claiming that they were the owner, general contractor, and subcontractors for the construction project, for their alleged failure to maintain safe work conditions at the site. At trial, the plaintiff testified that he sustained injuries to his shoulder and elbow when an employee of RJB dropped a bucket of concrete onto his arm from an elevated platform. The jury heard contradictory testimony, however, from the plaintiff's coworker, who testified that the plaintiff sustained his injuries while lowering the bucket of concrete to that coworker. Additionally, the plaintiff's employer testified that the plaintiff's version of the accident had been summarized in the employer's incident report. The plaintiff told his employer that he had lifted, rather than received, the bucket of concrete.

On December 23, 2014, the jury returned a verdict for the defendants. In the jury interrogatories, the first question was whether the plaintiff had proved by a preponderance of the evidence that the defendants were negligent. The jury responded "No," and it, therefore, was not necessary to answer the remaining questions addressed to comparative negligence and damages. The plaintiff filed a motion to set aside the verdict and a motion for a new trial on January 2, 2015. In his motion to set aside the verdict, the plaintiff claimed that the jury's verdict was not supported by the evidence. In his motion for a new trial, the plaintiff claimed "harmful juror error." The plaintiff alleged that his counsel spoke with the foreperson of the jury after the trial, who indicated that the jurors "were not convinced that the defendants did anything wrong." On the basis of that statement, the plaintiff argued that the jury had applied a "clear and convincing" burden of proof rather than the appropriate "preponderance of the evi-

dence" standard.

The court held a hearing on the plaintiff's posttrial motions on February 9, 2015. On April 2, 2015, the court issued its memorandum of decision denying the plaintiff's motions. The court concluded that there were differing versions of how the accident occurred and that the jury could have found that the plaintiff's testimony was "neither reasonable nor credible." Further, the court stated that "[t]he plaintiff's portrayal of the evidence . . . is misleading." With respect to the claim of juror error, the court, quoting from case law, stated that "[t]here is a presumption of regularity in civil proceedings including jury deliberations. . . . A court cannot resort to assumptions and conjecture when analyzing the basis of a jury's verdict." (Internal quotation marks omitted.) This appeal followed.

We address only the claim that the trial court improperly failed to grant the plaintiff's motion for a new trial on the basis of his assertion that the jury applied the wrong burden of proof.[3] This claim merits discussion because it is a baseless attack on the jurors, who devoted several days of service to this particular trial.

First, we note it is well established that "the testimony of jurors cannot be received to set aside a verdict on the ground of mistake or misconduct on the part of the jurors." (Internal quotation marks omitted.) *Aillon* v. *State*, 168 Conn. 541, 549, 363 A.2d 49 (1975).[4] "[T]he various policies behind the rule [are] to give stability to the verdicts of jurors, to minimize the temptation for jury-tampering, and to prevent inquisition into the arguments and reasoning of the jurors that go into their ultimate verdict." Id., 550.

We next address the plaintiff's specific allegation of "juror error." The plaintiff's counsel, after representing that he spoke with the jury foreperson after the trial, attributes a statement to her that the jury was "not convinced that the defendants did anything wrong." There is no indication as to whether this conversation occurred immediately after the verdict, while the jurors were still present in the courthouse, or days later. Further, there is no affidavit or other documentary evidence with respect to the exact words used by the foreperson in responding to the questions of the plaintiff's counsel. The plaintiff also did not request an evidentiary hearing.

Instead, the plaintiff claims that this one alleged statement demonstrates that the jury employed a "clear and convincing" burden of proof rather than the appropriate "preponderance of the evidence" burden of proof. As support for this claim, the plaintiff argues that the only conclusion that could have been reached based on the evidence at trial was that an employee of RJB dropped a bucket of concrete onto the plaintiff's arm. As previously noted, however, there was contradictory evi-

dence presented at trial as to how the accident occurred and, as noted by the trial court, "[t]he plaintiff's portrayal of the evidence . . . is misleading." We further note that the court's instructions charged the jury to apply a preponderance of the evidence burden of proof,[5] and the jury interrogatories expressly refer to the preponderance of the evidence burden of proof.

We fully appreciate counsel's duty to zealously advocate for his client. Here, however, the present claim of juror error is speculative at best, and there is no appreciable factual or legal support for this claim. It is important to recognize the importance of jurors to our judicial system. The Judicial Branch has published "Your Guide to Jury Service" for prospective jurors.[6] In that guide, Chief Justice Chase T. Rogers makes the following comments: "Whether or not you are selected to serve on a case, you are fulfilling a vital role in the judicial process by being a part of the pool of jurors. A large jury pool is the best guarantee of the Judicial Branch's ability to provide fair and impartial jurors in our courtrooms . . . . We recognize that jury service interrupts other important obligations in your life and we greatly appreciate the sacrifice that jury service often entails. Please know that our jury system is possible because people like you are willing to serve. We are grateful for your participation and we will do everything we can to make your service pleasant, interesting and meaningful." Attacks directed at juries, such as the one in the present case, could have the effect of chilling juror participation.

For these reasons, we disapprove of the plaintiff's challenge to the integrity of the jury in this case when the basis for such a claim is nothing more than sheer speculation. This claim, like the other four claims, is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Ford's employer, Terracon Consultants, Inc., intervened as a plaintiff in this case. Our references to the plaintiff in this opinion are to Ford only.

[2] Hereinafter, we refer to RJB Contracting, Inc., and R.J.B. Concrete Plumbing, Inc., collectively as RJB.

[3] We have considered the plaintiff's other claims of error, and, upon a careful review of the record and briefs and affording the appropriate scope of review to all of the claims of error raised by the plaintiff in his remaining four challenges, we find no merit to these claims.

[4] Historically, the Supreme Court's rule was to preclude *any* juror testimony in impeachment of a verdict. Our Supreme Court moved away from a complete prohibition against such testimony and allows the taking of testimony concerning irregularities and misconduct extraneous to the mental operations of the jury. See *Sawicki* v. *New Britain General Hospital*, 302 Conn. 514, 523–24, 29 A.3d 453 (2011).

[5] "Absent evidence to the contrary, a jury is presumed to have followed the court's instruction." *Baranowski* v. *Safeco Ins. Co. of America*, 119 Conn. App. 85, 91, 986 A.2d 334 (2010).

[6] The guide can be accessed on the Judicial Branch website at https://www.jud.ct.gov/Publications/ja005.pdf (last visited December 6, 2016).